UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LADARIUS CHIVAR PRITCHETT,

      Plaintiff,

v.                                        Case No.:  2:25-cv-165-SPC-KCD

ERIN HUGHES et al.,

      Defendants.

_____/

## OPINION AND ORDER

This matter comes before the Court on Plaintiff LaDarius Chivar Pritchett's Complaint (Doc. 1).  Pritchett is an inmate in the Lee County Jail, and United States Magistrate Judge Kyle Dudek granted Pritchett leave to proceed *in forma pauperis*.  The Court must screen the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.

Pritchett files his Complaint under 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection

between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Pritchett's claims arise from his ongoing state criminal prosecution.  He has been charged with failure to redeliver hired or leased personal property, and trial is set for March 6, 2025.[1]  Pritchett sues a judge (Nicholas Thompson), four prosecutors (Erin Hughes, Michael Curley, Janesha Beckford, and Amira Fox), three public defenders (Ryan Downey, Phil Collins, and Dylan Rettig), a county risk management official (Chelsea Singleton), three law enforcement officials (Carlos Ramos, Carmine Marceno, and Matthew Sellers), and the Fort Myers Police Department.  Pritchett does not make any factual allegations against most of the defendants.  Rather, he generally alleges that he is innocent of the charged crime, and that his attorneys have not filed some of the motions he suggested.  He requests $150 million in compensatory damages and $300 million in punitive damages from each defendant.

Pritchett fails to state a claim.  He may not use § 1983 to challenge the pending state criminal case.  Federal courts are not intended as a "pre-trial motion forum for state prisoners."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).  Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal

---

[1] The Court takes judicial notice of the online docket of Case No. 22-CF-268-NRT in the Twentieth Judicial Circuit Court in and for Lee County, Florida.

proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Litigating Pritchett's guilt in this Court would interfere with the ongoing state criminal proceeding. Pritchett provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine.

Also, some of the defendants in this case are immune from suit or improper defendants in a § 1983 action. Pritchett cannot sue the judge and prosecutors under § 1983. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). They are immune from this action. Pritchett's claim against the public defenders also fails. To state a § 1983 claim, Pritchett "must allege that a person acting under color of state law deprived him of a federal right." *McIndoo v. Broward Cnty.*, 750 F. App'x 816, 819 (11th Cir. 2018). State-appointed attorneys are not state actors under § 1983. *Id.* at 820 (citing *Vermont v. Brillon*, 556 U.S. 81 (2009)).

For these reasons, the Court will dismiss Pritchett's complaint for failure to state a claim. The Court would normally grant a plaintiff leave to amend, but that would be futile here. Abstention is appropriate under the *Younger* doctrine because litigating Pritchett's guilt here would interfere with, and

potentially undermine, the state proceeding.  What is more, Pritchett cannot sue the judge, prosecutors, and public defenders under § 1983 relating to their participation in the state criminal proceedings.

Accordingly, it is hereby

**ORDERED:**

Plaintiff LaDarius Chivar Pritchett's Complaint (Doc. 1) is **DISMISSED.**  The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 4, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record